UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUNIL PATEL

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, *et al.,*

Respondents.

Case No. 1:26-cv-06927-JLT-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS

(A-Number: 221-425-055),

(Docs. 1, 3, 8, 9, 11, 12)

**7-Day Objection Period**

Petitioner Sunil Patel ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 31, 2026, while in custody of the Immigration and Customs Enforcement ("ICE") at the Central Valley detention facility, where he remains detained. (Doc. 1). Respondents are the unnamed Warden of the Central Valley Detention Facility; unnamed Secretary of the Department of Homeland Security ("DHS"); unnamed Attorney General of the United States; unnamed Acting ICE Director; unnamed ICE Field Office Director, San Francisco Field Office; (collectively, "Respondents"). *Id.* at 1.

Petitioner challenges his detention as unlawful and in violation of the Due Process Clause to the Fifth Amendment to the U.S. Constitution and that he has not received any individualized bond hearing since he was detained. (Doc. 1 at 2).

## I. Relevant Background

The relevant facts are taken from the parties' respective filings. *See* (Docs. 1, 8, 12). Petitioner is a native and citizen of India who unlawfully entered the United States at an unknown location and time. (Doc. 8-2, Form I-213 ["Record of Deportable/Inadmissible Alien"] at 3). Petitioner alleges that he has no criminal history. (Doc. 12 at 1). Respondents do not contest this assertion and the Record of Deportable/Inadmissible Alien attached to Respondents' motion to dismiss states that Petitioner's criminal history is unknown. (Doc. 8-2, Form I-213 ["Record of Deportable/Inadmissible Alien"] at 3).

Following a targeted enforcement operation by immigration authorities, Petitioner was taken into ICE custody for the first time on June 9, 2026, in Schenectady, New York. Petitioner alleges that he was physically assaulted during his arrest. (Doc. 1 at 5). Petitioner's I-286 notice of custody determination, dated June 9, 2026, reflects that Petitioner requested that an immigration judge review his custody determination after DHS officials detained him. (Doc. 8-4, Form I-286 ["Notice of Custody Determination"] at 1). There is no record evidence that Petitioner was afforded a bond hearing before an immigration judge.

That same day, Respondents placed Petitioner in removal proceedings and issued a Notice to Appear. (Doc. 8-2, Form I-213 ["Record of Deportable/Inadmissible Alien"] at 4). Five days later (on June 14, 2026), Petitioner signed a joint motion for voluntary departure. (Doc. 8-6 at 1-4). Petitioner was granted pre-conclusion voluntary departure by an immigration judge on June 22, 2026, and ordered to depart the country no later than July 18, 2026. (Doc. 8-1, ["Order of the Immigration Judge"] at 3).

In their motion to dismiss, Respondents argue that Petitioner's voluntarily departure automatically converted to a final order of removal because he failed to voluntarily depart by the deadline and, therefore, his mandatory detention now is governed by 8 U.S.C. § 1231(a)(2). (Doc. 8 at 1-2) (citing § 1240.26(b)(1)(i)(D)). Respondents have also filed a "notice of receipt of travel document" and proffer documents reflecting that immigration officials have received a travel document for Petitioner. (Doc. 9 at 1) (citing Docs. 9-1, 9-2).

The undersigned takes judicial notice that Petitioner appealed his grant of voluntary

departure to the Board of Immigration Appeals on October 6, 2026; *see* (Doc. 12) (screenshot of EOIR website reflecting receipt of Petitioner's appeal).[1]

## II. <u>Governing Authority</u>

### A. The Writ of Habeas Corpus

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that custody is in violation of the U.S. Constitution or federal law. 28 U.S.C. § 2241(c)(3).

### B. Post-Removal Detention

"Where an alien falls within [the Immigration and Nationality Act] statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). A removal order becomes final upon the earlier of either "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(47)(B); *see* 8 C.F.R. § 1003.39. Once an order of removal is final, the "Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 23, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). "While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).

"As many courts have held, once a removal order becomes final triggering the Government's detention authority under § 1231(a), claims of error arising from pre-removal-order detention become moot." *Quizhpe Macas v. Warden, California City Det. Ctr.*, No. 1:26-cv-03046-DJC-EFB (HC), 2026 WL 1506814, at *3 (E.D. Cal. May 29, 2026) (citing cases). Thus, a petitioner's "due process right to be free from unduly lengthy detention, however, only attaches once the 90-day period of mandatory detention expires; in other words, there is no cognizable liberty interest in being free from detention during that 90-day period." *Id.* (citing *Zadvydas*, 533 at 682-83).

Pre-conclusion voluntary departure is a form of relief issued by an immigration judge prior to the completion of removal proceedings. *See* 8 U.S.C. § 1229c(a)(1); 8 C.F.R. § 1240.26(b)(1)(i)(A)–(E). In granting pre-conclusion voluntary departure, "the IJ must enter an alternate order of removal which typically goes into effect when the noncitizen refuses to abide by the terms of voluntary departure or fails to depart by the deadline." *Fuga v. Warden, California City Detention Facility*, No. 2:26-cv-00654-JLT-SAB (HC), 2026 WL 1396685, at *2 (E.D. Cal. May 19, 2026) (citing *Dada v. Mukasey*, 554 U.S. 1, 21 (2008); 8 C.F.R. § 1240.26(d)).

## III. Discussion

Respondents argue that Petitioner's failure to depart by the designated voluntary departure deadline of July 18, 2026, resulted in entry of the immigration judge's alternate order of removal under 8 C.F.R. § 1240.26 that now has become administratively final, subjecting Petitioner to mandatory detention under 8 U.S.C. § 1231(a)(2). (Doc. 8 at 1). The immigration judge's pre-conclusion voluntary departure order is consistent with this, which provides in relevant part:

> It is FURTHER ORDERED that if any of the above-ordered conditions are not met as required or if the Respondent fails to depart as required, the above grant of pre-conclusion voluntary

> departure shall be withdrawn without further notice or proceedings and the following order, entered to 8 C.F.R. § 1240.26(d), shall become immediately effective: the Respondent shall be removed to INDIA on the charge(s) set forth in the Notice to Appear.

(Doc. 8-1, ["Order of the Immigration Judge"] at 1). The governing regulation cited by the immigration judge provides that "upon granting a request made for voluntary departure either prior to the completion of proceedings or at the conclusion of proceedings, the immigration judge shall also enter an alternate order of removal." 8 C.F.R, § 1240.26(d).

Based on the record before the Court, Petitioner presently is subject to a final order of removal. Specifically, Petitioner's request for pre-conclusion voluntary departure was granted and he was ordered to depart from the United States by July 18, 2026. (Doc. 8). Petitioner failed to depart by the deadline and his voluntary departure order became an order of removal. *See Medina Alvarado v. Warden of Golden State Annex Detention Facility*, No. 1:26-cv-00112-JLT-EPG (HC), 2026 WL 1113791, at *3 (E.D. Cal. Apr. 24, 2026) (citing 8 C.F.R. § 1240.26). The order of removal became administratively final when Petitioner failed to appeal entry of the removal order by the time allotted (*e.g.*, no later than August 18, 2026). *See id.* at *4 (citing 8 C.F.R. § 1003.38(b); 8 U.S.C. § 1231(a)(1)(B)(i)).

Because Petitioner failed to timely appeal entry of the pre-conclusion voluntary departure order, failed to voluntary depart by July 18, 2026, and failed to timely appeal the removal order, he is subject to mandatory detention during a 90-day removal period pursuant to an administratively final order of removal beginning on the "date the order of removal becomes administratively final" (8 U.S.C. § 1231(a)(1)(B)); *Medina Alvarado*, 2026 WL 1113791, at *4.[2] Additionally, Petitioner may be subject to discretionary detention after expiration of the 90-day removal period. *See Zadvydas*, 533 U.S. at 701 ("We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months … After

---

[2] Although the Ninth Circuit has recognized that a petitioner subject to a pre-conclusion voluntary departure order may appeal whether his waiver of the right to appeal required thereby was knowing and intelligent, here, there is no dispute that Petitioner's appeal (received by the BIA on October 6, 2026) is untimely. *Cf. Fuga*, 2026 WL 1396685, at *2-3 (granting petition for writ of habeas corpus where the petitioner filed an appeal to the BIA before the deadline to voluntarily depart had passed).

this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient.").

Here, although Petitioner's 90-day mandatory detention period expired only recently (on or about November 18, 2026), Petitioner remains well within the six-month period during which detention is presumptively reasonable under *Zadvydas*. Respondents also have demonstrated that there is a significant likelihood Petitioner's removal will occur in the reasonably foreseeable future, given they have secured a travel document for Petitioner and have indicated that they are "ready, able and willing to remove Petitioner from the United States." (Doc. 9 at 1). In short, Petitioner's detention remains permissible under 8 U.S.C. § 1231.

**C. <u>Conclusion and Recommendation</u>**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be DENIED.
2. The Court's order prohibiting Petitioner's transfer out of this District and preventing Petitioner's removal from the United States (Doc. 6) be WITHDRAWN.
3. The motions to appoint counsel (Docs. 3, 11) be DENIED as moot.
4. The Clerk of the Court be DIRECTED TO close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 7 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C). The parties are advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 24, 2026**

UNITED STATES MAGISTRATE JUDGE